UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **BALIL AMIR SMITH WALKER,** | ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| | ) Civil Action No.: |
| v. | ) <br> ) |
| **PSH OPERATORS, LLC, d/b/a** <br> **PIEDMONT SOCIAL HOUSE** | ) <br> ) <br> ) |
| **Defendant.** | ) <br> ) |

**PLAINTIFF'S COMPLAINT WITH**
**DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, BALIL AMIR SMITH WALKER (hereinafter "Plaintiff" or "Walker"), and files his Complaint against the Defendant, PSH OPERATORS, LLC d/b/a PIEDMONT SOCIAL HOUSE (hereinafter "Defendant" or "PSH Operators") and says:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601, *et seq.* (hereinafter the "FMLA") to redress Defendant's unlawful employment practices against Plaintiff including interference with Plaintiff's lawful exercise of his rights under the FMLA and retaliation against Plaintiff for exercising his rights under the FMLA leading to his unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the FMLA.

1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

**PARTIES**

4. Plaintiff, Walker, is a citizen of the United States, and is, and was at all times material, a resident of the State of North Carolina.

5. Defendant, PSH Operators, is a Limited Liability Company with its principal place of business in Charlotte, North Carolina.

6. At all material times, Plaintiff worked for Defendant at 2135 Ayrsley Town Blvd. C, Charlotte, North Carolina 28273.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

**FACTUAL ALLEGATIONS**

8. Plaintiff was employed by Defendant for approximately two (2) years and five (5) months and at the time his employment was terminated, Plaintiff held the position of Manager.

9. Plaintiff was a full-time employee who regularly worked forty hours per week.

10. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of his position.

11. In late June 2019, Plaintiff suffered a medical episode.

12. Plaintiff notified Defendant of his medical episode and took the day off. Plaintiff returned to work the following day.

13. A few weeks later, Plaintiff emailed Stephanie Shaffer, Human Resources Manager, and inquired about Defendant's FMLA policies.

14. Ms. Shaffer was resistant to Plaintiff's request for FMLA documents, and to discourage him from utilizing FMLA she informed Plaintiff that she would need to have a conversation with him before providing FMLA documents.

15. Plaintiff informed Defendant he felt uncomfortable with this request for privacy reasons and again requested the FMLA documents. To further discourage Plaintiff from taking FMLA, Defendant insisted on having a conversation.

16. Defendant finally agreed to provide Plaintiff with the FMLA documents, but first requested Plaintiff provide the estimated start date for his FMLA leave.

17. Plaintiff informed Ms. Shaffer his leave would begin on August 16, 2019.

18. Days after Plaintiff requested the FMLA documentation, Ms. Shaffer provided the forms to Plaintiff on July 16, 2019.

19. Plaintiff informed Defendant that he had a doctor's appointment scheduled for August 15, 2019, wherein he would have his doctor complete the necessary FMLA documents.

20. On August 5, 2019, Defendant unlawfully terminated Plaintiff under pretext to interfere with his FMLA use and in retaliation for his lawful exercise or attempted exercise of his rights under the FMLA.

21. Plaintiff has been damaged by Defendant's illegal conduct.

22. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## **Count 1: FMLA Retaliation**

23. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22 above.

24. Plaintiff was an employee eligible for protected leave under the FMLA.

25. Defendant is and was an employer as defined by the FMLA.

26. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

27. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, his FMLA rights.

28. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

29. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which he is entitled to legal relief.

## Count 2: FMLA Interference

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22 above.

31. Plaintiff was an employee eligible for protected leave under the FMLA.

32. Defendant is and was an employer as defined by the FMLA.

33. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

34. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

35. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

36. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

    a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including

emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
North Carolina Bar #54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33609
T: (800) 965-1570 Ext. 106
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com

*Attorneys for Plaintiff*